UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER, ET AL.,<br><br>    Plaintiff(s),<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant(s).<br>_____/ | Case No. C-02-2708 JCS<br><br>**BRIEFING ORDER RE REMEDY** |

      The Court has decided the liability issues presented in this case. The Court has found that Defendant violated the National Environmental Protection Act ("NEPA") in connection with the 2001 Six Rivers National Forest Fire Management Plan (the "FMP"). The sole remaining issue is one of remedy: have the steps taken by Defendant cured the violations found by the Court in the liability phase?

      The parties disagree on what the analysis of the remaining issue entails. In their Supplemental Brief, Plaintiffs argue that Defendant has failed to comply with the Court's Liability Order because: (1) Defendant failed to conduct a NEPA review for the 2005 Fire Management Plan ("the Revised FMP") as allegedly required by the Court's Liability Order; and (2) in withdrawing certain portions of the FMP, most notably, the direction regarding Wildland Fire Use ("WFU"), Defendant has committed new NEPA violations. For example, in the case of WFU, Plaintiffs assert that removing the direction in the FMP regarding WFU has resulted in the adoption of a policy of suppressing all wildfires, which is itself a decision that requires NEPA analysis. It is unclear whether Plaintiffs are asserting that the Revised FMP also violates NEPA because it contains new decisions unrelated to the removal of decisions contained in the FMP (or failure to remove such decisions). *See* Supplemental Brief at 6 (stating that "[t]here were, and continue to be, many other management directives in the FMP that trigger NEPA"). Aside from a brief list, *see* Supplemental Brief at

6, Plaintiffs have not identified any specific new NEPA violations contained in the Revised FMP.

Defendant, on the other hand, argues that the Court should only address the question of whether Defendant's actions have "addressed the concerns set out in the Court's" liability decision. In particular, Defendant believes that briefing should focus on "the specific decisions identified by the Court" in its Liability Order, notwithstanding the Court's reference to the cited decisions as "examples."

The Court agrees with Defendant to the extent that it concludes that a review of the Revised FMP that extends to new decisions unrelated to decisions contained in the original FMP (whether the alleged NEPA violation arises from Defendant's removal or failure to remove such decisions) is not warranted, at least at this stage of the case. In particular, Plaintiffs have not identified in any meaningful way specific issues relating to NEPA compliance raised by the Revised FMP that do not involve decisions that were also contained in the FMP and were either removed or were not removed. Therefore, at this stage of the proceeding, the Court will address only the following questions, which shall be the subject of supplemental briefing: 1) Is an EA or EIS on the 2001 or 2005 Fire Plans required by this Court's decision on liability; and 2) Did Defendant's withdrawal of portions of the 2001 Fire Plan in issuing the 2005 Fire Plan, without conducting an EA or an EIS, violate NEPA? Plaintiffs' supplemental brief and evidence regarding remedy shall be filed **on or before December 16, 2005**. Defendant's supplemental brief and evidence shall be filed **on or before January 20, 2006**. Plaintiffs' reply brief regarding remedy shall be filed **on or before February 3, 2006**. Oral argument will be held on **February 17, 2006, at 9:30 a.m.**

The Court does not agree with Defendant that by failing to identify specific new NEPA violations in the Revised FMP Plaintiffs have waived any such claims. Rather, following the Court's decision related to

the compliance issues discussed above, Plaintiffs may bring a motion to amend the complaint to add any such claims.  If Plaintiffs prevail on that motion, the parties will have a full opportunity address these claims in additional proceedings in this action.

　　　　IT IS SO ORDERED.

Dated: November 17, 2005        _____
                                JOSEPH C. SPERO
                                United States Magistrate Judge

3